IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MELVIN LOUIS SIMS, JR.,                                                                PLAINTIFF

v.                          Civil No. 5:25-CV-05120-TLB-CDC

OFFICER J. WATSON, #514 Fayetteville Police Department (FPD);
SERGEANT B. WINGART, #437, FPD;
DETECTIVE BARNETT, #453, FPD;
OFFICER J. FAUBUS, #360, FPD;
OFFICER DAVIS, #483, FPD;
OFFICER WARREN, #501, FPD;
PROSECUTING ATTORNEY JONATHAN DIXON; and
PROSECUTING ATTORNEY BRANDON T. CARTER,                                 DEFENDANTS.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Melvin Louis Sims, Jr., has filed the above-captioned civil rights action under 42 U.S.C. § 1983 generally asserting that there is no probable cause to support the pending state criminal charges against him. (ECF No. 6). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). Plaintiff was a pretrial detainee at the Washington County Detention Center ("WCDC") when he initiated this action. (ECF No. 1). He has since been released from custody. (ECF No. 9). This case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02. But not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915(e)(2) the case will automatically be reassigned to United States District Court Judge Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3). Upon that review, and for the reasons detailed below, this Court recommends that this matter be STAYED and ADMINISTRATIVELY TERMINATED pending the resolution of Plaintiff's state criminal

charges.

## BACKGROUND

On or about March 9, 2025, Plaintiff says that he was unlawfully arrested and charged with aggravated robbery when he was only shoplifting. Plaintiff says that Defendant Barnett, badge #453, told him he was being charged with aggravated robbery because he was not cooperating. Plaintiff also claims that Defendants Carter and Dixon, the attorneys prosecuting his criminal case on behalf of the State of Arkansas, both know that it is improper to bring aggravated robbery charges against him because they have seen the surveillance video and know that there was no weapon involved. *See* (ECF No. 6). Plaintiff asserts that his arrest and detention are unlawful. *Id.* He requests money damages.

Publicly accessible state court records show that on March 24, 2025, Plaintiff was charged by criminal information with one count of aggravated robbery, a class Y felony, in violation of Ark. Code Ann. § 5-12-103 for events that occurred on or about March 9, 2025.[1] *See State of Arkansas v. Melvin Louis Sims*, 72CR-25-554 (Ark. Cir. Ct.) (AOC Court Connect), *available at* https://caseinfo.arcourts.gov/opad/case/72CR-25-554 (last accessed July 14, 2025). Those records reflect that these criminal charges remain pending as of the date of this report and recommendation. A status hearing on the criminal charges is currently scheduled for August 13, 2025, at 1:30 pm. *Id.*

## LEGAL STANDARD

Section 1915A of the Prison Litigation Reform Act requires the court to review "a

---

[1] The court may take judicial notice of public records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005).

complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915(e), moreover, where, as a here, a plaintiff requests to proceed *in forma pauperis* ("IFP"), the court "shall dismiss the case at any time if the court determines that . . . the action . . .fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). While Plaintiff was incarcerated at the WCDC as a pretrial detainee at the time he initiated this action, he has since been released from custody. (ECF No. 9). Because Plaintiff has requested to proceed IFP, however, his Amended Complaint is nevertheless subject to preservice review pursuant to 28 U.S.C. § 1915(e).

Section 1915(e) provides, in relevant part, that the court shall dismiss a complaint if it "fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

The gravamen of Plaintiff's Amended Complaint concerns the basis for his arrest and detention for aggravated robbery—criminal charges that remain pending. (ECF No. 6).

3

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)).

*Younger* applies here. First, as noted above, publicly accessible court records show that Plaintiff's state criminal case remains pending. Second, it is clearly established that ongoing state criminal proceedings implicate the important state interest of enforcing state criminal laws. *See, e.g.*, *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010) (affirming dismissal of § 1983 action based on *Younger* abstention principles where there was an ongoing state criminal case). Third, those state criminal proceedings offer an adequate opportunity for Plaintiff to raise his constitutional claims—namely, that he was arrested without probable cause and that there is insufficient evidence to charge him with aggravated robbery. *See Norwood*, 409 F.3d at 904 (Federal courts "will not engage any presumption that the state courts will not safeguard federal constitutional rights.") (quoting *Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997) (internal citation and quotation omitted)).

Because the circumstances here satisfy all three *Younger* factors, a federal court should abstain from exercising its jurisdiction over this matter unless it detects "'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (*quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). This exception, however, "applies only where the prosecution was brought with no hope of obtaining a valid conviction." *Edner v.*

*Redwood County District Attorney's Office*, Case No. 19-CV-2486 (SRN/LIB), 2020 WL 2215724, at *4 (D. Minn. May 7, 2020) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). While Plaintiff contends that the prosecutors brought charges against him that are unsupported by probable cause, he asserts *no* facts to suggest that the state has absolutely no hope of obtaining a valid conviction in this case. *Younger*, therefore, compels this Court to abstain from exercising its jurisdiction over this matter. Because Plaintiff requests money damages, moreover, this Court recommends that these proceedings be *stayed* pending the outcome of Plaintiff's state criminal case. *See Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

## CONCLUSION

In sum, this Court recommends that Plaintiff's Amended Complaint, (ECF No. 6), be **STAYED AND ADMINISTRATIVELY TERMINATED** pending the resolution of Plaintiff's state criminal case. Plaintiff will have thirty (30) days after the final resolution of his pending criminal case to file a Motion to Reopen this case. Failure to file the Motion by this deadline will result in the summary dismissal of this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 14th day of July 2025.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE